UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| GLEN PACE § | CIVIL ACTION NO: 2:22-cv-46-KS-MTP |
| § | |
| VS. § | |
| § | |
| CIRRUS DESIGN CORPORATION, § | |
| individually and d/b/a CIRRUS § | |
| AIRCRAFT CORPORATION; § | |
| CONTINENTAL MOTOR § | |
| CORPORATION; AMSAFE; § | |
| ARAPAHOE AERO; PERFORMANCE § | |
| AVIATION, LLC; WADE WATERS, § | |
| individually, d/b/a PERFORMANCE § | |
| AVIATION, LLC; CHARLIE § | |
| AVIATION (fictious defendant); § | |
| DEFENDANTS, JOHN DOES I § | |
| THROUGH IV (fictious defendants), § | |
| DEFENDANTS, XYZ CORPORATIONS § | |
| I THROUGH IV (fictious defendants) § | |

**DEFENDANTS CIRRUS DESIGN CORPORATION,
INDIVIDUALLY AND D/B/A CIRRUS AIRCRAFT CORPORATION
AND CONTINENTAL MOTORS CORPORATION'S JOINT NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT** defendants Cirrus Design Corporation d/b/a Cirrus Aircraft (hereinafter "Cirrus Aircraft" and incorrectly identified in the Complaint as "Cirrus Design Corporation d/b/a Cirrus Aircraft Corporation") and defendant Continental Aerospace Technologies, Inc., f/k/a "Continental Motors, Inc." and incorrectly identified in the Complaint as "Continental Motors Corporation" ("Continental"), by and through their respective undersigned counsel, hereby remove the above-captioned action from the 15th Circuit Court District (Marion Circuit Court), State of Mississippi, to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

To support of this Joint Notice of Removal, defendants Cirrus Aircraft and Continental show the following:

1

1. On or about November 19, 2021, plaintiff Glen Pace commenced this civil lawsuit against Cirrus Aircraft, Continental and other defendants, entitled *Glen Pace v. Cirrus Design Corporation, et al.*, the 15th Circuit Court District (Marion Circuit Court), State of Mississippi, civil docket no. 45CI1:21-cv-00304-AM.

2. Plaintiff Pace sued Cirrus Aircraft, Continental, and other defendants for personal injuries he allegedly suffered on November 22, 2019, when Pace piloted a Cirrus SR22 aircraft, FAA registration number N969JM, that crashed at or near Tyler, Texas. Martin Aviation, LLC, owned the Cirrus SR22 aircraft.

3. Plaintiff Pace seeks damages in the amount of $7,500,000.00 and plaintiff Pace also seeks an award of punitive damages. *See* Ad Damnum paragraph of plaintiff's Amended Complaint, p. 39. To determine the amount in controversy for purposes of determining diversity, plaintiff Pace's punitive damages may be aggregated with claims for compensatory damages unless the former are patently frivolous." *See Golden ex rel. Golden v.* Golden, 382 F.3d 348, 355 (3rd Cir. 2004).

4. On or about March 11, 2022, plaintiff Pace accomplished service of process on defendant Cirrus Aircraft.

5. This Joint Notice of Removal is filed within thirty days of service of summons and citation upon defendant Cirrus Aircraft, as 28 U.S.C. § 1446(b)(1) requires and therefore removal is timely. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

6. On or about March 22, 2022, plaintiff Pace accomplished service of process on defendant Continental.

7. This Joint Notice of Removal is filed within thirty days of service of summons and citation upon defendant Continental, as 28 U.S.C. § 1446(b)(1) requires and therefore removal is timely. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

8. The United States District Court for the Southern District of Mississippi is the appropriate court for filing this Joint Notice of Removal because the action is pending in the 15th Circuit Court District (Marion Circuit Court), State of Mississippi. Accordingly, Cirrus Aircraft and Continental jointly seek to remove the Action to this Court because venue is proper here because this Court embraces Marion County, Mississippi, where plaintiff Pace's action is pending. *See* 28 U.S.C. §1441(a); *see also* 28 U.S.C. § 104(b)(3).

9. Disregarding the citizenship of the two fraudulently joined defendants Wade Walters, Individually, d/b/a Performance Aviation, LLC, LLC (which company, according to the records of the Mississippi Secretary of State's Office, was dissolved on August 8, 2012—five years before Martin Aviation purchased the aircraft and seven years before the November 22, 2019, incident), there is complete diversity between plaintiff Pace and all defendants.

10. Plaintiff Glen Pace is of the age of majority and is a resident citizen of Marion County, Mississippi. *See* Amended Complaint, ¶ 1.

11. Defendant Cirrus Aircraft Corporation, is incorporated in the State of Wisconsin and has its principal place of business in Duluth, Minnesota, at 4515 Taylor Circle, Duluth, Minnesota 55811. This defendant is therefore diverse from plaintiff Pace.

12. Defendant Continental is incorporated in the State of Delaware and has its principal place of business in Mobile, Alabama, at 2039 Broad Street Mobile, Alabama 36615. This defendant is therefore diverse from plaintiff Pace.

13. Defendant AmSafe, Inc., (erroneously sued as "AMSAFE") is incorporated in the State of Delaware with its principal place of business in Phoenix, Arizona, at 1043 North 47th Avenue, Phoenix, Arizona 8504. This defendant is therefore diverse from plaintiff Pace. Additionally, defendant AmSafe, Inc., consents to this Joint Notice of Removal as shown by AmSafe, Inc.'s Consent to Removal, filed with this Joint Notice of Removal.

14. Defendant Apteryx, Inc. d/b/a Arapahoe Aero (incorrectly denominated as "Arapahoe Aero") is a corporation organized and incorporated under the laws of the State of Colorado with its principal place of business in Englewood, Colorado, at 12760 E Control Tower Road, Unit K1, Englewood, Colorado 80112. This defendant is therefore diverse from plaintiff Pace. Additionally, defendant Apteryx, Inc. d/b/a Arapahoe Aero consents to this Joint Notice of Removal as shown by Apteryx, Inc. d/b/a Arapahoe Aero's Consent to Removal, filed with this Joint Notice of Removal.

15. Plaintiff Pace also sued two defendants who are alleged to be citizens of Mississippi, Wade Walters and Performance Aviation, LLC, of which Wade Walters was the sole member.[1] Defendant Cirrus Aircraft and Continental allege plaintiff Pace improperly or fraudulently joined these two defendants in this action, and that no viable cause of action exists

---

[1] The Mississippi Secretary of State administratively dissolved Performance Aviation, LLC on August 8, 2012, and defendant Wade Walters is currently in a federal prison in Sumterville, Florida, convicted on multiple counts of Medicare fraud. Walters will be incarcerated in Florida, absent parol or some other intervening event, until May 11, 2036—14 years from now. Plaintiff Pace makes no showing that Walters' continued domicile is Mississippi, or that Performance Aviation, LLC's "nerve center" is anywhere but the State of Florida. For these reasons, if the Court had questions about Walters' domicile, defendants should be allowed the opportunity to take jurisdictional discovery on this narrow issue. *Chaverra–Cardona v. Genson, Steinback & Gillespie*, 1990 WL 19976, at *2 (N.D. Ill. Feb.27, 1990) (Hart, J.) (finding the prisoner to be a citizen of the state of his incarceration, Kansas, rather than his prior state of residence, Illinois, where the prisoner claimed he was a Kansas citizen and his sentence provided for incarceration of at least 20 years). That said, because Walters, Individually, and Performance Aviation, LLC, are fraudulently and/or improperly joined, their domicile is a nevertheless a non-issue and diversity amongst all parties exists. Finally, because the removing parties allege Pace and Performance Aviation, LLC, are fraudulently or improperly joined, obtaining their consent to remove this case is not necessary. *See, e.g., Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 2000).

against either of them under Mississippi and/or federal law, and, therefore, assuming them to be citizens of the State of Mississippi, their citizenship may be disregarded for purposes of federal jurisdiction.

16. The improper joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009); *Salazar v. Allstate Tex. Lloyd's, Inc*., 455 F.3d 571, 574 (5th Cir. 2006).[2] Under the improper joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant. *See, e.g., Smallwood v. Ill. Cent. R.R*., 385 F.3d 568 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant." *Id*. at 573.

17. As the removing parties, defendant Cirrus Aircraft and Continental must establish this Court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc*., 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993); *Laughlin v. Prudential Ins. Co*., 882 F.2d 187, 190 (5th Cir. 1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). Where, as here, the removing parties allege diversity of citizenship jurisdiction on the basis of fraudulent joinder, they have "the burden of proving the fraud." *Laughlin*, 882 F.2d at

---

[2] Formerly known as "fraudulent joinder," the Fifth Circuit now officially calls such joinder "improper joinder." *See, e.g., Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).

5

190; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied* 498 U.S. 817 (1990).

18. Fraudulent joinder exists where: (1) there was actual fraud in plaintiff's pleading of the jurisdictional facts; or (2) plaintiff has no possibility of establishing a cause of action against the non-diverse defendants in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999) (citations omitted); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995); *Jefferson County School Board Dist. v. Lead Industries Ass'n, Inc.*, 223 F.Supp.2d 771, 776 (S.D. Miss. 2002) (Barbour, J.).

19. To decide whether plaintiff Pace improperly or fraudulently joined non-diverse defendants to defeat diversity of citizenship jurisdiction, this Court should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *See, e.g., Cavallini*, 44 F.3d at 256. *See also LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) (holding "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment . . . . A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties."); *Jefferson County School Board Dist.*, 223 F.Supp.2d at 776. This Court can consider evidence outside the pleadings, such as affidavits and depositions accompanying the notice of removal or the motion to remand. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d at 100.

20. Under the Fifth Circuit's standards, plaintiff Pace "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000); *Jefferson County School Board Dist.*, 223 F.Supp.2d at 776. *See also Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000) (finding the "mere theoretical

possibility of recovery under local law" does not preclude removal. Plaintiffs must show there exists "a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder."). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendants are insufficient to show those defendants were not fraudulently joined. *See Badon*, 224 F.3d at 392-93; *Peters v. Metropolitan Life Ins. Co*., 164 F.Supp.2d 830, 834 (S.D.Miss.2001) (Bramlette, J.) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim."); *Jefferson County School Board Dist.*, 223 F.Supp.2d at 776.

21. Removal is not precluded merely because plaintiff Pace's state court Amended Complaint, on its face, purports to set forth a state law claim against non-diverse defendants Walters and Performance Aviation, LLC. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the instate defendant[s]."). *See Badon*, 224 F.3d at 390; *Jefferson County School Board Dist.*, 223 F.Supp.2d at 776-777.

22. Under these standards, coupled with the allegations plaintiff Pace asserts against non-diverse defendants Walters and Performance Aviation, LLC, those two non-diverse defendants were improperly or fraudulently joined, and their putative Mississippi citizenship is disregarded for purposes of determining jurisdiction in this Court. A brief synopsis of plaintiff Pace's allegations against those two defendants and the law follows in the next few articles.

23. Plaintiff Pace alleges non-diverse defendants Wade Walters and Performance Aviation, LLC, failed to maintain the subject aircraft properly before selling it in 2017. In addition, Pace alleges Wade Walters and Performance Aviation, LLC, sold a defective aircraft and made misrepresentations during the sale.

24. Pace's allegation, seeking to impose liability on Walters and/or Performance Aviation, LLC's for their alleged failure to maintain the aircraft in an airworthy condition, *see, e.g.,* Amended Complaint, ¶ 8, does not remotely state a cognizable cause of action against either Walters and/or Performance Aviation, LLC, because governing federal law imposes the duty to maintain an aircraft's airworthiness on whomever currently owned and/or operated the aircraft, in this case Martin Aviation, LLC. *See* 14 C.F.R. § 91.403. Martin Aviation, LLC, acquired ownership of the aircraft on or about October 27, 2017, *see* Amended Complaint, ¶ 8 and its exhibit "F" and owned and operated the aircraft for two years before the November 22, 2019, incident.

25. Moreover, Pace's allegations that Walters and Performance Aviation, LLC, sold a defective aircraft and made misrepresentations during its sale about the aircraft's condition or airworthiness also fails to state a cause of action against the non-diverse defendants Walters and/or Performance Aviation, LLC as a matter of law, for at least three reasons. First, plaintiff Pace's allegations omit significant information about the 2017 "sale" of the aircraft in 2017 to Martin Aviation, LLC. The "sale" was hardly a routine, commercial sale between Walters and/or Performance Aviation, LLC, and Martin Aviation, LLC. The United States Government had seized the real and personal property of Walters and of his companies, one such item being the subject Cirrus aircraft, Model SR22T, FAA tail number N729DW. *See* Amended Complaint, ¶ 276 and Appendix A [R. Doc. 183-1] (identifying the aircraft as Asset B-016), filed in *United States of America v. Real Property Located at 19 Crane Park, Hattiesburg, Lamar County, Mississippi*, Civil Action number 3:16-cv-00027-TSL-RHW [R. Doc. 183]. The United States and Performance Aviation, LLC, entered into an agreement for the interlocutory sale of property, *i.e.,* the aircraft. *See* Agreement for the Interlocutory Sale of Property [R. Doc. 203]. Thereafter, the United States, Performance Aviation, LLC, and George Jeffrey Martin reached an Agreement for

the Conditional Release of Property [R. Doc. 205-1], the purpose of which would allow Martin Aviation, LLC, to have the aircraft *inspected* **before acquiring it**. *See id.* ¶ 4 ("Prior to consummating purchase, Potential buyer intends to have a certified mechanic inspect B-016."). The parties to this agreement further agreed that Steve Miller, Director of Maintenance for Fixed Wing Aviation, 3760 Airfield Drive W., Lakeville, Florida 33811, or another employee of Fixed Wing Aviation would perform the inspection of B-016. *Id.* Martin Aviation purchased the aircraft in October 2017. *See* Unopposed Motion to Substitute $495,000.00 in currency for Defendant Cirrus Design Corporation Aircraft Model SR22T and Order filed in Civil Action number 3:16-cv-00027-TSL-RHW [R. Docs. 223 and 224]. Noteworthy, and apart from Martin Aviation, LLC, either inspecting and accepting the aircraft in its then-present condition or forgoing the opportunity to do so at the time of purchase, the Agreement for the Conditional Release of Property, [R. Doc. 205-1], provides *this Court* "shall have exclusive jurisdiction to hear any matters arising from any violation of the terms and conditions referenced herein." Because plaintiff Pace's allegations against the non-diverse defendants arise from alleged violations of the "contract of the sale of the aircraft," *see* Amended Complaint, ¶ 52, jurisdiction for such allegations (for which plaintiff Pace has no cause of action to assert), is vested exclusively in this Court.

Second, plaintiff Pace does not allege he purchased the aircraft from either Walters and/or Performance Aviation, LLC. To state a cause of action for breach of a contract, as Pace purports to do, *see* Amended Complaint, ¶ 52, Pace would have to have entered into a contract with either Walters or Performance Aviation, LLC. *See, e.g., Bissette v. Univ. of Mississippi Med. Ctr.*, 282 So.3d 507, 513 (Miss. Ct. App. 2019) ("In order to recover damages from a breach of contract, or for failure to carry out the terms of the contract, there must be a relationship of privity of contract between the party damaged and the party sought to be held liable for the breach of the contract.").

Third, plaintiff Pace does not allege that either Walters or Performance Aviation, LLC, made *any representations to plaintiff* about the aircraft's condition or airworthiness before, during, or at the sale of the aircraft in October 2017. Under Mississippi law, the elements of fraudulent misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) the hearer's consequent and proximate injury. *Holland v. Peoples Bank & Trust Co.*, 3 So.3d 94, 100 (Miss. 2008) (quoting *Bank of Shaw v. Posey*, 573 So.2d 1355, 1362 (Miss. 1990)); *Center v. Total Body Contouring Incorporated*, 2017 WL 10932203, p. 4 (Miss. N.D. March 23, 2017) (Brown, J.). And under Mississippi law, to state a claim for negligent misrepresentation plaintiff Pace must allege and prove: (1) a misrepresentation or omission of a fact; (2) the representation or omission is material or significant; (3) the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) plaintiff Pace reasonably relied upon the misrepresentation or omission; and (5) plaintiff suffered damages as a direct and proximate result of such reasonable reliance. *See Holland*, 3 So.3d at 101 (quoting *Horace Mann Life Ins. Co. v. Nunaley*, 960 So.2d 455, 461 (Miss. 2007)); *Center v. Total Body*, 2017 WL 10932203, p. 6. But plaintiff Pace does not allege the non-diverse parties made any misrepresentation, whether negligent or fraudulent, *to him.* Plaintiff Pace was not the "hearer" of the alleged false representation, *see McGee v. Swarek*, 733 So.2d 308, 312 (Miss. Ct. App. 1998), and hence—even the content of the negligent or fraudulent misrepresentation were pleaded— because plaintiff Pace was not the "hearer" of the misrepresentation nor acted upon it, he does not state a cause of action against the non-diverse defendants Walters and/or Performance Aviation.

Fourth, plaintiff Pace's vague, non-factual allegations aside, there is no relevance to the October 2017 sale of the aircraft and its November 22, 2019, crash, because FAA guidelines required its owner, Martin Aviation, to have the aircraft undergo an annual inspection every 12 calendar months to be legal to operate; and, the federal regulations required Martin Aviation to have any discrepancies repaired. *See, e.g.,* 49 C.F.R. § 91.405 and 49 C.F.R. § 91.407.

26. Moreover, non-diverse defendants Walters and Performance Aviation, LLC, are nominal parties. Under the "nominal party" rule, the citizenship of a nominal party is disregarded for purposes of removal. To show that a party is nominal, defendants Cirrus Aircraft and Continental must show "there is no possibility that the plaintiff would be able to establish a cause of action against [Wade Waters and Performance Aviation, LLC] in state court." *Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Svcs.*, 925 F.2d 866, 871 (5th Cir. 1991).

27. For the above stated reasons, plaintiff Pace improperly or fraudulently joined Walters and Performance Aviation, LLC, as defendants to attempt to prevent the diverse defendants from removing the case to this Court.

28. Named defendants Wade Walters and Performance Aviation, LLC, have no liability to plaintiff Pace; are improperly or fraudulently joined; and/or are nominal parties. This is a putative product liability action related to the engine and crashworthiness of the aircraft, which were designed and manufactured by Continental and Cirrus Aircraft respectively. Walters and Performance Aviation, LLC, had no involvement in the design, manufacture, or warning of either. Moreover, as discussed, the airplane (with the engine) were to be inspected by the current owner Martin Aviation before the October 2017 sale and after the sale Martin Aviation owned, flew, and operated the aircraft for nearly two years before the November 22, 2019, accident. Thus, Walter's and Performance Aviation's relationship to the products at issue—the aircraft's engine and

crashworthiness systems—are nominal at best. Because complete diversity of citizenship exists among the properly joined defendants and plaintiff and because the amount exceeds the jurisdictional minimum, this matter is properly within this Court's jurisdiction under 28 U.S.C. § 1332, that is: (i) plaintiff Glen Pace and defendants Cirrus Aircraft; Continental; AmSafe; and Arapahoe Aero are citizens of different states; and (ii) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

29. Plaintiff Pace also named fictious defendants in his Amended Complaint: Charlie Aviation (Fictious Defendant); Defendants, John Does I Through IV (Fictious Defendants), Defendants, XYZ Corporations I Through IV (fictious defendants). Defendants Cirrus Aircraft and Continental do not need the consent to remove this case from those fictious defendants, *see, e.g., Granovsky v. Pfizer, Inc.*, 631 F.Supp.2d 554, 559 (D. New Jersey 2009) (noting unanimity rule may be disregarded where non-joining defendants are unknown); *Little v. Doe*, 2010 WL 3812304, p. 2 (D. New Jersey 2010) (Walls, S.J.) (noting fictious defendants were fraudulently joined and their citizenship may be disregarded for purposes of diversity jurisdiction). Likewise, defendants Cirrus Aircraft and Continental do not need consent to remove from any non-resident who has not been served as of the time of removal. *Id*.; *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3rd Cir. 1985); *Granovsky*, 631 F.Supp.2d at 559.

30. Immediately upon filing of this Joint Notice of Removal, Cirrus Aircraft and Continental will file a copy of the Joint Notice of Removal with the Clerk of the 15th Circuit Court District (Marion Circuit Court), State of Mississippi, and will provide written notice to counsel for all adverse parties in accordance with 28 U.S.C. § 1446(d).

31. A copy of the file relating to the Action, maintained by the Clerk of the 15th Circuit Court District (Marion Circuit Court), State of Mississippi, is attached and marked as exhibit "A" in accordance with 28 U.S.C. § 1446(a).

32. All other diverse defendants who were properly served consent to this Joint Notice of Removal as shown in the accompanying signed Consent to Removal forms.

33. Under the provisions of 28 U.S.C. § 1441 and other applicable statutes, with which Cirrus Aircraft and Continental are in compliance, this action is removable to the United States District Court for the Southern District of Mississippi.

WHEREFORE, defendants Cirrus Aircraft and Continental hereby give notice of the removal of the action heretofore pending in the 15th Circuit Court District (Marion Circuit Court), State of Mississippi, entitled *Glen Pace v. Cirrus Design Corporation, et al.*, to this Court.

Respectfully Submitted:

s/ *James A. Holmes*

**JAMES A. HOLMES (MS Bar No. 105487)**
jaholmes@christovich.com
CHRISTOVICH & KEARNEY, LLP
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130
Tel. 504.561.5700
Attorneys for Cirrus Design Corporation d/b/a Cirrus Aircraft

~ And ~

s/ *H. Rusty Comley*

**H. Rusty Comley (MS Bar No. 102307)**
WATKINS & EAGER PLLC
rcomley@watkisneager.com
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Direct: 601.965.1941
Fax: 601.965.1901
Attorneys for Continental Aerospace Technologies, Inc.

## **CERTIFICATION**

I hereby certify that a copy of the above pleading was sent to all counsel this 11th day of April 2022 by U.S. Mail, properly addressed and postage prepaid and/or by email.

s/ *James A. Holmes*
JAMES A. HOLMES

4853-7636-8923, v. 1