# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**GLEN PACE**                                                                                           **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 2:22-CV-46-KS-MTP**

**CIRRUS DESIGN CORPORATION,**
**individually and/b/a CIRRUS**
**AIRCRAFT CORPORATION;**
**CONTINENTAL AEROSPACE**
**TECHNOLOGIES; AMSAFE, INC.;**
**ARAPAHOE AERO**                                                                              **DEFENDANTS**

## ORDER AND OPINION ON MOTIONS TO DISMISS AND MOTION FOR JURISDICTIONAL DISCOVERY

This cause came before the Court on Plaintiffs' Motion for Jurisdictional Discovery [43] and Defendants' Motions to Dismiss for Lack of Jurisdiction [44][8][28][16]. Defendants Cirrus Design Corporation, Individually and d/b/a Cirrus Aircraft Corporation ("Cirrus"); Continental Aerospace Technologies ("Continental"); Amsafe, Inc. ("Amsafe"); Arapahoe Aero ("AA"); are named by Plaintiff. Plaintiff seeks discovery against Defendants Cirrus, Continental, Amsafe, and AA. Defendants Cirrus, Continental, Amsafe, and AA have also filed Motions to Dismiss for Lack of Jurisdiction [44][8][28][16]. Having reviewed the docket, the parties' submissions, the relevant legal authorities, and otherwise being duly advised in the premises, the Court has also determined that it lacks personal jurisdiction over Cirrus, Continental, Amsafe, and AA, and as such, the Court will grant their Motions to Dismiss [44][8][28][16]. The Court, as a result, finds that there is no grounds for jurisdictional discovery. Therefore, the Motion for Jurisdictional Discovery [43] will be denied.

**I.    Background**

1

This personal injury lawsuit, initially filed in the Circuit Court of Marion County, Mississippi, arises from the November 22, 2019 crash in Smith County, Texas, of a Cirrus SR22T model aircraft owned by Martin Aviation LLC (the "Aircraft"). Plaintiff Glen Pace, a resident of Marion County, Mississippi, was the pilot of the Aircraft that crashed and claims to have sustained personal injuries as a result of the crash. The crash occurred during an intrastate flight that departed from Terrell Municipal Airport in Terrell, Texas, with an intended destination of Gladewater Municipal Airport in Gladewater, Texas. Plaintiff's Amended Complaint asserts multiple claims against diverse Defendants Cirrus, Continental, Amsafe, and AA.

Cirrus is alleged to have manufactured the Aircraft and its "emergency parachute." Continental is the alleged manufacturer of the Aircraft's TSIO-550-K model engine, Serial No. 1009677, (the "Engine"). AmSafe is the alleged manufacturer of seatbelts, shoulder harnesses, and/or inertial reels equipped on the Aircraft. Finally, AA is alleged to have maintained, overhauled, rebuilt, and/or repaired the Aircraft and/or Engine. Plaintiff alleges that Walters and/or PA (both domiciled in Mississippi) purchased the Aircraft from Cirrus in or about February 2014 and owned the Aircraft until October 27, 2017, when it was sold to Martin Aviation. Martin Aviation, in turn, was the Aircraft's registered owner from October 2017 until the crash on November 22, 2019.

Plaintiff filed a Motion to Remand. Said motion alleged that Wade Walters and Performance Aviation were in-state residents and that Plaintiff had stated a valid claim against them. The Court found that Plaintiff failed to state a claim against both defendants. As such, the Court denied the motion. As Wade Walters and Performance Aviation were the only out-of-state defendants, the cause without them had full diversity and remained in Federal Court.

Plaintiff additionally alleges Amsafe is engaged in business in the State of Mississippi, has substantial contacts in the State of Mississippi, and is selling seatbelts, shoulder harnesses, seatbelt components, restraint systems, the inertial reels, their component parts, and other aviation products in the State of Mississippi. Plaintiff argues that Amsafe advertises its products in the State of Mississippi through various aviation-related magazines and is engaged in business in Mississippi. Plaintiff further contends that Amsafe has substantial contacts with the State of Mississippi. Plaintiff also maintains that Amsafe purposely directs its sales activity and promotions in Mississippi to Mississippi residents and has purposefully availed itself of doing business in Mississippi.

Plaintiff also alleges Continental is selling aircraft, aircraft parts, and other aviation products in the State of Mississippi and advertises its products in the State of Mississippi through many aviation-related magazines. Plaintiff further asserts Continental is engaged in business and has substantial contacts with the State of Mississippi. Plaintiff also contends that Continental purposely directs its sales and promotions in Mississippi to Mississippi residents and has purposefully availed itself of doing business in the State of Mississippi.

Plaintiff further alleges AA is engaged in business and has substantial contacts with the State of Mississippi, has purposely directed its aviation services and products in the State of Mississippi, and has purposefully availed itself of doing business in the State of Mississippi. Plaintiff argues AA advertised its products in Mississippi through various aviation-related magazines distributed in the State of Mississippi. Plaintiff further indicates AA is engaged in business and has substantial contacts with the State of Mississippi.

Plaintiff alleges that Cirrus has "minimum contacts" with Mississippi. Plaintiff alleges Cirrus is selling Cirrus aircraft, Cirrus aircraft parts, and other aviation products in the State of Mississippi. Additionally, Plaintiff alleges Cirrus advertises its products in the State of Mississippi through multiple

3

aviation-related magazines. Plaintiff further alleges Cirrus is engaged in business, has substantial contacts with, and purposely directs its sales activity and sales promotions in Mississippi. Furthermore, Plaintiff alleges Cirrus directed its business towards Mississippi by selling and delivering the crashed aircraft N969JM (when new) directly to a Mississippi entity, Performance Aviation, LLC and Mississippi resident, Wade Walters.

## II.  Applicable Law

### a.  Jurisdictional Analysis

A nonresident defendant bringing a motion to dismiss for lack of personal jurisdiction challenges the Court's jurisdiction over the defendant's person or property. See Fed. R. Civ. P. 12(b)(2). When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the burden of establishing the District Court's jurisdiction over the nonresident is on the plaintiff. *Wilson v. Belin*, 20 F.3d 644,648 (5th Cir. 1994); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The plaintiff must make a prima facie showing of either specific or general jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000); *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). The Court will take all uncontroverted allegations of the complaint as accurate. *Wilson*, 20 F.3d at 648. However, where allegations are controverted by the defendant's affidavits, we must look to the plaintiff's affidavits. *Black v. Acme Markets, Inc.*, 564 F.2d 681 (5th Cir. 1977); *Edwards v. Associated Press*, 512 F.2d 258 (5th Cir. 1975). All conflicts in the facts asserted in the affidavits are resolved in favor of the plaintiff. *Black*, 564 F.2d at 681. If, however, the defendant has asserted facts in their affidavits that are only disputed by the plaintiffs' allegations, not supported by facts in an affidavit, then the defendant's assertions are taken as fact. *Id*.

A Federal District Court hearing a diversity matter has personal jurisdiction over a foreign defendant if (1) the forum state's long-arm statute creates personal jurisdiction over the defendant;

and (2) the Court's exercise of personal jurisdiction comports with the due process guarantees of the Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). With respect to part one, Mississippi's long-arm statute permits a court to exercise personal jurisdiction over an out-of-state defendant for three reasons. Those reasons are if the defendant: 1) makes a contract with a Mississippi resident to be performed in whole or in part in Mississippi; 2) commits a tort in whole or in part in Mississippi; or 3) does any business or performs any character of work or service in Mississippi. Miss. Code Ann. § 13-3-57 (2020). They are usually referred to as the contract prong, the tort prong, and the doing business prong of the long-arm statute. *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 497 (5th Cir. 2012).

If any one of the prongs of part one is fulfilled, the Court moves to determine if the establishment of jurisdiction from the long arm statute complies with the constitution. To satisfy due process, two elements must exist to exercise personal jurisdiction over a nonresident: (1) the nonresident defendant must have some minimum contact with the forum which comes from an affirmative act on its part; and (2) it must be fair and reasonable to require the nonresident to defend the suit in the forum state. *Spademan*, 772 F.2d at 1189. The due process clause ensures that persons have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). To establish "minimum contacts", a nonresident defendant must "purposefully avail itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has looked increasingly to whether a defendant's contacts with the forum make it reasonable to require the defendant to defend the particular suit in that forum and less to presence in the forum state as

a means to establish jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 203 (1977). The "minimum contacts" test can be further split into contacts that establish "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Spademan*, 772 F.2d at 1189.

Specific jurisdiction exists if the cause of action is related to or arises out of a specific one, or a group, of the defendant's contacts with the forum. Those contacts must also meet the due process standard. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986); *Wilson*, 20 F.3d at 647; *Spademan*, 772 F.2d at 1190. On the other hand, general jurisdiction can be invoked when a claim is not specifically related to the nonresident's contacts with the forum, but they have "continuous and systematic" contacts. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408,415 (1984); *Wilson*, 20 F.3d at 647.

When specific jurisdiction is at issue, the "minimum contacts" inquiry focuses on whether the nonresident defendant has "'purposefully directed' his activities at residents of the forum" state. *Spademan*, 772 F.2d at 1190 (quoting *Burger King*, 471 U.S. at 472). The purposeful availment requirement makes sure the Court will not derive jurisdiction from some "random," "fortuitous," or "attenuated" contacts or by the unilateral action of some other. *Burger King*, 471 U.S. at 475. A plaintiff must establish a substantial connection between the nonresident defendant and the forum state. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 106811. 9 (5th Cir. 1992); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) (citing *Burger King*, 471 U.S. at 475 n. 18); *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957).

When general jurisdiction is at issue, the inquiry focuses on the defendant's comfort with the forum. The Supreme Court considered the requirements to establish general jurisdiction in *Daimler AG v. Bauman*, 571 U.S. 117 (2014). The Court observed that the proper consideration when establishing general jurisdiction is whether the defendant has "continuous and systematic"

associations to render it practically "at home in the forum State." *Id.* at 137 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)) (alteration in original). The Court held that for a corporation, "the place of incorporation and principal place of business" is where it is "at home" and are thus paradigm bases for jurisdiction. *Id.* at 136. Therefore it is an incredibly difficult undertaking to establish general jurisdiction in a forum that is not the place of incorporation or principal place of business when the defendant is a corporation. *See id.*; *Helicopteros*, 466 U.S. at 408. Furthermore, the principal place of business is the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 79 (2010). This means the decision-making center, which is usually the headquarters or the location of the decision-making personnel. *Id.*

    b. **Jurisdictional Discovery**

In addition, the District Court has a wide breadth of discretion in determining all discovery matters. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). The District Court's decision will ordinarily not be disturbed unless there are abnormal events that indicate a blatant abuse. *Id.* Where a party seeks jurisdictional discovery, the district court has discretion as to the type and amount of discovery to permit. *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241 (5th Cir. 2008). A plaintiff is not entitled to jurisdictional discovery if the record demonstrates that the discovery requested is unlikely to bring forth facts needed to withstand a Rule 12(b)(1) motion. *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009). A party seeking Jurisdictional Discovery bears the burden of demonstrating its necessity. *Monkton*, 768 F.3d at 434. The plaintiff may meet its burden in an evidentiary hearing or by presenting a prima facie case for personal jurisdiction. *Wilson*, 20 F.3d at 648; *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). The latter is available if the Court decides not to hold an evidentiary hearing. *Id.* The Court will take all uncontroverted allegations of the complaint as true. *Wilson*, 20 F.3d at 648. Where opposing affidavits contradict them, all conflicts in the facts contained

in affidavits are resolved in favor of the plaintiff. *Id*. However, where allegations are controverted by the defendant's affidavits, we must look to the plaintiff's affidavits. *Black*, 564 F.2d at 681; *Edwards*, 512 F.2d at 258. All conflicts in the facts asserted in the affidavits are resolved in favor of the plaintiff. *Black*, 564 F.2d at 681. If, however, the defendant has asserted facts in their affidavits that are only disputed by the plaintiffs' allegations, not supported by facts in an affidavit, then the defendant's assertions are taken as fact. *Id*. To decide, the Court may use affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods. *Thompson*, 755 F.2d at 1165; *Spademan*, 772 F.2d at 1192.

### III. Analysis

#### a. Amsafe

Plaintiff has alleged that Defendant has made contracts in the state of Mississippi, committed a tort in the state of Mississippi, and that they do business in the state of Mississippi. These allegations fall under each of the three prongs of the long arm statute. Miss. Code Ann. § 13-3-57 (2020). Only one of the three prongs needs to be met to proceed to the second part of the jurisdictional analysis, which is the constitutionality of the forum exercising jurisdiction. *Constenla, S.A.*, 669 F.3d at 497.

For the first prong, the analysis is rather short. Defendant has submitted an affidavit that it is not a party to a contract with Plaintiff. The second prong is not complicated either. Plaintiff alleges that the tort's effects were felt in the state of Mississippi. However, this is clearly false. The plane crash occurred in Texas. [1-5] at 14. Any possible equipment failure occurred over Texas and the resulting injury happened in Texas. [1-5] at 14. Plaintiff has put forth no set of facts that demonstrate any tort effect in Mississippi. The third prong, however, is much more broad. If Defendant does any business in the state of Mississippi, the long arm statute authorizes jurisdiction. Miss. Code Ann. § 13-3-57 (2020). In its sworn affidavits, Amsafe itself admits that

it does business in Mississippi. [28-1] at 3. Thus no further inquiry is needed on the long arm statute authorization; jurisdiction is authorized.

Next, the Court examines whether the constitution allows this Court to exercise jurisdiction. The analysis centers around "minimum contacts." *Spademan*, 772 F.2d at 1189. Their inquiry is further split into specific and general jurisdiction. Specific jurisdiction is not relevant here as Plaintiff did not establish a cause of action under either of the first two prongs of the long arm statute that could give rise to specific jurisdiction. Specific jurisdiction requires a specific act that occurred in the forum state to give rise to the suit. *Holt Oil & Gas Corp*, 801 F.2d at 777. There is no such act in this case. All of the damage from the alleged tortious acts happened in the State of Texas. [1-5] at 14.

The relevant jurisdictional analysis is for general jurisdiction. For general jurisdiction, a defendant would need "continuous and systematic contacts" with the forum to meet the Constitution's due process requirements. *Helicopteros*, 466 U.S. at 415; *Wilson*, 20 F.3d at 647. A defendant would need to be "at home" in the forum. *Daimler*, 571 U.S. at 117. For Defendant to be "at home" in the forum, their nerve center would need to be located in Mississippi, or AmSafe would need to be to have been incorporated in Mississippi. *Hertz*, 559 U.S. at 79. Without either of these, an incredibly large amount of contacts would be needed to establish general jurisdiction. *Id*. AmSafe's uncontroverted affidavit states that its nerve center is in Phoenix, Arizona and it is incorporated in Delaware. [28-1] at 3. Since Defendant's affidavit is not directly contradicted by Plaintiff's affidavit, Defendant's statements are taken as fact for purposes of deciding jurisdiction. Thus, Defendant is not at home in the forum, and the Constitution does not authorize general jurisdiction. As such, Defendant's motion will be granted.

Plaintiff must also present a prima facie case for jurisdiction to allow for jurisdictional discovery. *Alpine View*, 205 F.3d at 221; *Monkton*, 768 F.3d at 434. For the preceding reasons, Plaintiff has failed to do so. Accordingly, based on the uncontroverted facts, this Court does not have jurisdiction. As such, jurisdictional discovery will not be allowed and Plaintiff's motion will be denied.

### b. Continental

Plaintiff has alleged that Defendant has made contracts in the state of Mississippi, committed a tort in the state of Mississippi, and that they do business in the state of Mississippi. These allegations fall under each of the three prongs of the long arm statute. Miss. Code Ann. § 13-3-57 (2020). Only one of the three prongs needs to be met to proceed to the second part of the jurisdictional analysis, which is the constitutionality of the forum exercising jurisdiction. *Constenla, S.A.*, 669 F.3d at 497.

For the first prong, the analysis is rather short. Defendant has submitted an affidavit that it is not a party to a contract with Plaintiff. The second prong is not complicated either. Plaintiff alleges that the tort's effects were felt in the state of Mississippi. However, this is clearly false. The plane crash occurred in Texas. [1-5] at 14. Any possible equipment failure occurred over Texas and the resulting injury happened in Texas. [1-5] at 14. Plaintiff has put forth no set of facts that demonstrate any tort effect in Mississippi. The third prong, however, is much more broad. If Defendant does any business in the state of Mississippi, the long arm statute authorizes jurisdiction. Miss. Code Ann. § 13-3-57 (2020). Continental claims in its sworn affidavit that it does no business in the state of Mississippi. Plaintiff asserts otherwise. Plaintiff has not alleged specific facts in a controverting sworn affidavit. Since Defendant's affidavit is not directly contradicted by Plaintiff's affidavit, Defendant's statements are taken as fact for purposes of

deciding jurisdiction. *Black*, 564 F.2d at 681. Thus, Defendant is not at home in the forum, and the Constitution does not authorize general jurisdiction.

Let's assume, however, that the long arm was met though under the "doing business" prong. *Constenla, S.A.*, 669 F.3d at 497. Next, the Court would examine whether the constitution allows this Court to exercise jurisdiction. The analysis would center around "minimum contacts." *Spademan*, 772 F.2d at 1189. Their inquiry would further split into specific and general jurisdiction. Specific jurisdiction is not relevant here as Plaintiff did not establish a cause of action under either of the first two prongs of the long arm statute that could give rise to specific jurisdiction. Specific jurisdiction requires a specific act that occurred in the forum state to give rise to the suit. *Holt Oil & Gas Corp*, 801 F.2d at 777. There is no such act in this case. All of the damage from the alleged tortious acts happened in the State of Texas. [1-5] at 14.

Even if Continental did business in Mississippi, general jurisdiction would still not be ultimately authorized. For general jurisdiction, a defendant would need "continuous and systematic contacts" with the forum to meet the Constitution's due process requirements. *Helicopteros*, 466 U.S. at 415; *Wilson*, 20 F.3d at 647. A defendant would need to be "at home" in the forum. *Daimler*, 571 U.S. at 117. For the defendant to be "at home" in the forum, their nerve center would need to be located in Mississippi, or Continental would need to be to have been incorporated in Mississippi. *Hertz*, 559 U.S. at 79. Without either of these, a considerable amount of contacts would be required to establish general jurisdiction. *Id*. Continental's uncontroverted affidavit state that its nerve center is in Mobile, Alabama, and its place of incorporation is in Deleware. [8-1] at 2. Since Defendant's affidavit is not directly contradicted by Plaintiff's affidavit, Defendant's statements are taken as fact for purposes of deciding jurisdiction. Thus, Defendant is not at home

in the forum, and the Constitution does not authorize general jurisdiction. As such, Defendant's motion will be granted.

Plaintiff must also present a prima facie case for jurisdiction to allow for jurisdictional discovery. *Alpine View*, 205 F.3d at 221; *Monkton*, 768 F.3d at 434. For the preceding reasons, Plaintiff has failed to do so. Accordingly, based on the uncontroverted facts, this Court does not have jurisdiction. As such, jurisdictional discovery will not be allowed and Plaintiff's motion will be denied.

### c. AA

Plaintiff has alleged Defendant has made contracts in the state of Mississippi, committed a tort in the state of Mississippi, and that they do business in the state of Mississippi. These allegations fall under each of the three prongs of the long arm statute. Miss. Code Ann. § 13-3-57 (2020). Only one of the three prongs needs to be met to proceed to the second part of the jurisdictional analysis, which is the constitutionality of the forum exercising jurisdiction. *Constenla, S.A.*, 669 F.3d at 497.

For the first prong, the analysis is rather short. Defendant has submitted an affidavit that it is not a party to a contract with Plaintiff. The second prong is not complicated either. Plaintiff alleges that the tort's effects were felt in the state of Mississippi. However, this is clearly false. The plane crash occurred in Texas. [1-5] at 14. Any possible equipment failure occurred over Texas and the resulting injury happened in Texas. [1-5] at 14. Plaintiff has put forth no set of facts that demonstrate any tort effect in Mississippi. The third prong, however, is much more broad. If Defendant does any business in the state of Mississippi, the long arm statute authorizes jurisdiction. Miss. Code Ann. § 13-3-57 (2020). In its sworn affidavits, AA points out that it does

no business in Mississippi. It would be hard to in any way characterize their business to be even be done "with" the state of Mississippi. [16-1] at 2. Thus, this Court does not have jurisdiction over AA in this Matter. The Court must dismiss this action with respect to AA.

Let's assume, however, that the long arm was met though under the "doing business" prong. *Constenla, S.A.*, 669 F.3d at 497. Next, the Court would examine whether the constitution allows this Court to exercise jurisdiction. The analysis would center around "minimum contacts." *Spademan*, 772 F.2d at 1189. Their inquiry would further split into specific and general jurisdiction. Specific jurisdiction is not relevant here as Plaintiff did not establish a cause of action under either of the first two prongs of the long arm statute that could give rise to specific jurisdiction. Specific jurisdiction requires a specific act that occurred in the forum state to give rise to the suit. *Holt Oil & Gas Corp*, 801 F.2d at 777. There is no such act in this case. All of the damage from the alleged tortious acts happened in the State of Texas. [1-5] at 14.

Even if AA did business in Mississippi, general jurisdiction would still not be ultimately authorized. For general jurisdiction, a defendant would need "continuous and systematic contacts" with the forum to meet the Constitution's due process requirements. *Helicopteros*, 466 U.S. at 415; *Wilson*, 20 F.3d at 647. A defendant would need to be "at home" in the forum. *Daimler*, 571 U.S. at 117. For the defendant to be "at home" in the forum, their nerve center would need to be located in Mississippi or Continental would need to be to have been incorporated in Mississippi. *Hertz*, 559 U.S. at 79. Without either of these, a considerable amount of contacts would be required to establish general jurisdiction. *Id*. AA's uncontroverted affidavit states that its nerve center and place of incorporation are located in Colorado. [16-1] at 2. Since Defendant's affidavit is not directly contradicted by Plaintiff's affidavit, Defendant's statements are taken as fact for purposes of deciding jurisdiction. *Black*, 564 F.2d at 681. Thus, Defendant is not at home in the forum, and

the Constitution does not authorize general jurisdiction. As such, Defendant's motion will be granted.

Plaintiff must also present a prima facie case for jurisdiction to allow for jurisdictional discovery. *Alpine View*, 205 F.3d at 221; *Monkton*, 768 F.3d at 434. For the preceding reasons, Plaintiff has failed to do so. Accordingly, based on the uncontroverted facts, this Court does not have jurisdiction. As such, jurisdictional discovery will not be allowed and Plaintiff's motion will be denied.

### d. Cirrus

Plaintiff has alleged that Defendant has made contracts in the state of Mississippi, committed a tort in the state of Mississippi, and that they do business in the state of Mississippi. These allegations fall under each of the three prongs of the long arm statute. Miss. Code Ann. § 13-3-57 (2020). Only one of the three prongs needs to be met to proceed to the second part of the jurisdictional analysis, which is the constitutionality of the forum exercising jurisdiction. *Constenla, S.A.*, 669 F.3d at 497.

For the first prong, the analysis is rather short. Defendant has submitted an affidavit that it is not a party to a contract with Plaintiff. The second prong is not complicated either. Plaintiff alleges that the tort's effects were felt in the state of Mississippi. However, this is clearly false. The plane crash occurred in Texas. [1-5] at 14. Any possible equipment failure occurred over Texas and the resulting injury happened in Texas. [1-5] at 14. Plaintiff has put forth no set of facts that demonstrate any tort effect in Mississippi. The third prong, however, is much more broad. If Defendant does any business in the state of Mississippi, the long arm statute authorizes jurisdiction. Miss. Code Ann. § 13-3-57 (2020). Cirrus, in its sworn affidavits, states that it does

no business in Mississippi. Cirrus states in its affidavits that planes are only delivered to Minnesota or Tennessee, and in this instance, the aircraft in question was delivered to Minnesota and picked up there. [44-7] at 2,3. Thus, this Court does not have jurisdiction over Cirrus in this Matter.[1]

Let's assume, however, that the long arm was met though under the "doing business" prong. *Constenla, S.A.*, 669 F.3d at 497. Next, the Court would examine whether the constitution allows this Court to exercise jurisdiction. The analysis would center around "minimum contacts." *Spademan*, 772 F.2d at 1189. Their inquiry would further split into specific and general jurisdiction. Specific jurisdiction is not relevant here as Plaintiff did not establish a cause of action under either of the first two prongs of the long arm statute that could give rise to specific jurisdiction. Specific jurisdiction requires a specific act that occurred in the forum state to give rise to the suit. *Holt Oil & Gas Corp*, 801 F.2d at 777. There is no such act in this case. All of the damage from the alleged tortious acts happened in the State of Texas. [1-5] at 14.

Even if Cirrus did business in Mississippi, general jurisdiction would still not be ultimately authorized. For general jurisdiction, a defendant would need "continuous and systematic contacts" with the forum to meet the Constitution's due process requirements. *Helicopteros*, 466 U.S. at 415; *Wilson*, 20 F.3d at 647. A defendant would need to be "at home" in the forum. *Daimler*, 571 U.S. at 117. For the defendant to be "at home" in the forum, their nerve center would need to be located in Mississippi or Continental would need to be to have been incorporated in Mississippi. *Hertz*, 559 U.S. at 79. Without either of these, a considerable amount of contacts would be required to establish general jurisdiction. *Id*. Cirrus' uncontroverted affidavit states that its "nerve center" is in Minnesota, and its place of incorporation is in Wisconsin. [44-7] at 2. Since Defendant's

---

[1] There may be some issue of whether Cirrus still does business in the state of Mississippi, however, this is of little consequence. The Court can not ultimately exercise jurisdiction because of constitutional requirements. Thus either way the Court will not be exercising jurisdiction.

affidavit is not contravened by Plaintiff's affidavit, Defendant's statements are taken as fact for purposes of deciding jurisdiction. Thus, Defendant is not at home in the forum, the Constitution does not authorize general jurisdiction, and the case must be dismissed. As such, Defendant's motion will be granted.

Plaintiff must also present a prima facie case for jurisdiction to allow for jurisdictional discovery. *Alpine View*, 205 F.3d at 221; *Monkton*, 768 F.3d at 434. For the preceding reasons, Plaintiff has failed to do so. Accordingly, based on the uncontroverted facts, this Court does not have jurisdiction. As such, jurisdictional discovery will not be allowed and Plaintiff's motion will be denied.

### IV.     Conclusion

For the reasons set forth above, the Court finds that under the facts of this case, Plaintiff has failed to establish jurisdiction against AmSafe, Continental, AA, And Cirrus. Therefore it is hereby ORDERED that Defendants' Motions to Dismiss [44][8][28][16] are granted. Furthermore, it is hereby ORDERED that the Motion for Jurisdictional Discovery [43] is denied. No defendants remain, so this case is hereby DISMISSED at cost of Plaintiff pursuant to Federal Rule of Civil Procedure 54(d)(1). All other pending motions are dismissed as moot and this case is CLOSED.

SO ORDERED AND ADJUDGED this 24th day of October 2022.

                                                /s/ Keith Starrett_____
                                                  KEITH STARRETT
                                                  UNITED STATES DISTRICT JUDGE